**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| BECKA G., *et al.*,[1] | : | Case No. 3:25-cv-432 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

### ORDER

---

This case is before the Court upon Defendant Commissioner of Social Security's Motion to Seal.  (Doc. #11).  The Commissioner moves for leave to file the certified administrative record under seal.  *Id.*  The Commissioner attached to its Motion a copy of the certified administrative record with three pages redacted.  (Doc. #11-1).  The redacted pages are copies of the birth certificate of a third party who is a minor.  (Doc. #11, *PageID* #114).  The Commissioner notes that although it moved to join that third party as a defendant under Fed. R. Civ. P. 19, that individual has not chosen to bring this litigation.  *Id*.  Plaintiffs have not filed a response to Defendant's Motion, and the time for doing so has elapsed.

"The party seeking to seal records has the heavy burden of overcoming the 'strong presumption in favor of openness.'"  *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)).  To meet this burden, the party seeking to seal a document must show three things: (1) a compelling

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in Social Security cases, any opinion, order, judgment or other disposition in Social Security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored. *See id.*

In this case, the Commissioner has demonstrated a compelling interest in maintaining the privacy of the minor third party.  *See Shane Grp.*, 825 F.3d at 308 ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (citation omitted). Further, the undersigned finds that any legitimate public interest in the birth certificate is low, and the Commissioner's interest in maintaining the privacy of a third-party minor outweighs the public's interest in accessing the birth certificate.  Finally, although the Commissioner seeks leave to file the entire administrative record under seal, the Commissioner has already filed a redacted copy of the record.  Thus, the Commissioner essentially seeks only to file the third party's birth certificate under seal, and its request is therefore narrowly tailored.

Accordingly, the Commissioner's Motion to Seal (Doc. #11) is hereby **GRANTED**. However, the Commissioner need not file a copy of the entire administrative record under seal. Instead, the Commissioner is **ORDERED** to (1) docket the redacted administrative record separately on the record and (2) file the unredacted copies of the birth certificate under seal.

**IT IS SO ORDERED.**

April 16, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge