**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| BECKA G., *et al.*,[1] | : | Case No. 3:25-cv-432 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

This case is before the Court upon Defendant Commissioner of Social Security's Motion to Join Indispensable Party.  (Doc. #10).  The Commissioner moves the Court for an order joining Brittany Kendall, in her role as the mother of minor child A.S.K., as a defendant in this litigation pursuant to Federal Rule of Civil Procedure 19(a)(2).  *Id.* at 110.  Plaintiffs have not filed a response to Defendant's Motion, and the time for doing so has elapsed.

This case concerns the survivor benefits of a deceased individual, Juan Soto.  The Commissioner explains that Mr. Soto had four children, three of whom are Plaintiffs in this case, and the fourth of whom is A.S.K.  *Id.*  Because the Social Security Act limits the total amount of benefits that can be paid on a wage earner's earnings record, when A.S.K. was found entitled to survivor benefits, there was a reduction in benefits payable to Plaintiffs.  *Id.* at 111.  Plaintiffs challenge the Administrative Law Judge's decision finding that A.S.K. is entitled to benefits and seek an order requiring the Commissioner to find A.S.K. ineligible for survivor benefits.  *Id.* (citing

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in Social Security cases, any opinion, order, judgment or other disposition in Social Security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

Doc. #7, *PageID* #75).   The Commissioner asserts, "[b]ecause the Commissioner lacks the authority to pay more than the statutory maximum, the only way to provide the relief Plaintiffs seek here is to stop paying A.S.K.—and to declare her overpaid for months in which she has already been paid." *Id.*

The Sixth Circuit uses a three-part test to determine whether a party is indispensable under Rule 19:

> "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Glancy,* 373 F.3d at 666. "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Id.* "Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." *Id.* (citation and internal quotation marks omitted).

*Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 43–44 (6th Cir. 2012).

An absent party is necessary under Rule 19(a) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

The Commissioner argues that Ms. Kendall, in her role as the mother of A.S.K., is a necessary party because (1) "[i]ssuing a court order compelling the Commissioner to find A.S.K. ineligible would obviously 'impair or impede [A.S.K.'s] ability to protect' her interest in benefits …" and (2) "were A.S.K. not a party to this litigation, the Commissioner could potentially be

exposed to 'a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of' A.S.K.'s interest since A.S.K. would not be bound by this Court's decision for purposes of issue preclusion or claim preclusion." *Id.*

The undersigned finds that Ms. Kendall, in her role as the mother of A.S.K., is a necessary party to this case because a resolution of this case in A.S.K.'s absence may impair or impede A.S.K.'s ability to protect her interest in survivor benefits.

Furthermore, as subject-matter jurisdiction in this case is predicated on 42. U.S.C. § 405(g), joinder of Ms. Kendall would not deprive this Court of subject-matter jurisdiction. *See Est. of Plott v. Dep't of Health & Hum. Servs.*, 151 F.4th 848, 852 (6th Cir. 2025) (citing Fed. R. Civ. P. 19(a)(1) ("And if joinder of the necessary party would not deprive the court of subject matter jurisdiction, the court must add the party.").

Accordingly, the Commissioner's Motion to Join Indispensable Party (Doc. #10) is hereby **GRANTED**.

**IT IS SO ORDERED.**

April 16, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge